# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0443V
UNPUBLISHED

BRENDA HELMANDOLLAR,
Administrator of ESTATE OF JOHN
HELMANDOLLAR,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: February 2, 2022

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine;; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 15, 2020, Brenda Helmandollar, administrator of the estate of John Helmandollar, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Mr. Helmandollar suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on September 23, 2018. Petition at 1. Petitioner further alleges the vaccine was received in the United States and Mr. Helmandollar's injuries lasted more than six months. Petition at ¶¶ 2, 10. Petitioner filed an affidavit averring that she has never received an award or settlement

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

for Mr. Helmandollar's vaccine injuries, nor has she filed a civil action. Ex. 8. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 26, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On February 1, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $52,500.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $52,500.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

BRENDA HELMANDOLLAR, Administrator
of the Estate of JOHN HELMANDOLLAR,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 20-443V
Chief Special Master Corcoran
SPU

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**      **Procedural History and Items of Compensation**

On January 26, 2022, the Court entered its "Ruling on Entitlement," (ECF Doc. 30) finding petitioner entitled to compensation, consistent with the recommendation in respondent's January 25, 2022 Rule 4(c) Report. ECF Doc. 28. Specifically, under the Vaccine Injury Table, decedent John Helmandollar suffered from a shoulder injury related to vaccine administration ("SIRVA") presumptively as the result of an influenza vaccination. Respondent now proffers that petitioner be awarded a lump sum of $52,500.00 for all damages available pursuant to 42 U.S.C. § 300aa-15(a).

Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the administrator/executor of the Estate of John Helmandollar under the laws of the state of Kansas. Respondent's proffer is contingent on the following: No payments pursuant to this proffer shall be made until petitioner provides the Secretary with documentation establishing her appointment as administrator/executor of the Estate of John Helmandollar. If petitioner is not authorized by a court of competent jurisdiction

to serve as administrator/executor of the Estate of John Helmandollar at the time the payment pursuant to this proffer is to be made, the payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as administrator/executor of the Estate of John Helmandollar upon submission of written documentation of such appointment to the Secretary.

Petitioner has reviewed the foregoing and agrees with the proffered award of $52,500.00.[1]

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ *Mallori B. Openchowski*
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel.: (202) 305-0660
mallori.b.openchowski@usdoj.gov

DATED: February 1, 2022

---

[1] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).